**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                  Case No.  8:07-cr-320-T-30MAP

**LUIS GILBERTO VALENCIA-CORREA**
_____/

**ORDER**

THIS CAUSE is before the Court upon the "Motion by Cross Claimant Luis Gilberto V. Correa Reopening the Criminal Case on Motion to Dismiss for Lack of Jurisdiction" (Dkt. #97). On August 4, 2007, Defendant Valencia-Correa was arrested while on board a vessel sixty miles off the coast of Colombia, brought to the Middle District of Florida, and charged by a grand jury with being on board a vessel subject to the jurisdiction of the United States and conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine in violation of 18 U.S.C. § 70503(a) and 70506(a) & (b), and Title 21 U.S.C. § 960(b)(1)(B)(ii). He pled guilty on October 11, 2007, and sentenced on January 31, 2008.  He did not file a direct appeal.  He filed the instant Motion on October 19, 2009.

This Court entered an Order to Show Cause (Dkt. #98) directing the Defendant to declare whether or not he intended the Motion to be a petition for writ of habeas corpus under 28 U.S.C. § 2255, and, if so, why it should not be dismissed as time barred.  The Defendant filed a Response (Dkt. #99) stating that he did not intend the Motion to be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255.

In his Motion, Defendant seeks to "reopen his case" on his contention this Court lacked jurisdiction to hear it.  In his argument, however, Defendant seems to acknowledge that the Court

had jurisdiction but improperly relied on a certification prepared by the United States under the relevant statute. In particular, Defendant states:

> It is Mr. Correa's contention that reliance on a certification prepared by the United States and to be used as conclusive proof that the foreign nation has disavowed the vessel's registration or has refused to exercise its jurisdiction on the vessel violates Defendant's rights to confrontation clause and person who alleged to have granted consent from country of Colombia.

Defendant's Motion, p. 3 (Dkt. #97).

This argument has previously been rejected by the Eleventh Circuit in U. S. v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002) where the court stated:

> (W)e note that the government bears the burden of establishing that the statutory requirements of subject matter jurisdiction imposed by the MDLEA have been met. Yet, even though the government carries this burden, a certification by the Secretary of State or the Secretary's designee concerning a vessel's registry or lack thereof "constitutes rebuttable *prima facie* evidence of the facts certified." United States v. Devila, 216 F.3d 1009, 1015, n. 4 (11th Cir. 2000).

Therefore, Defendant's Motion will be denied. Had this Motion been brought under 28 U.S.C. § 2255, it would have been dismissed as time barred.

It is therefore ORDERED AND ADJUDGED that Defendant's "Motion by Cross Claimant Luis Gilberto V. Correa Reopening the Criminal Case on Motion to Dismiss for Lack of Jurisdiction" (Dkt. #97) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2007\07-cr-320.dismiss 97.frm